United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| JOHN PARKER, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| VS. § | 3:23-cv-87 | |
| § | | |
| AMERICOLLECT, INC., § | | |
| § | | |
| Defendant. § | | |

## ORDER OF DISMISSAL

In late December 2023, the plaintiff's counsel asked to withdraw from this case due to a complete breakdown in communication with their client. The matter was referred to Judge Andrew Edison, and he scheduled a hearing to discuss the issue with the parties. Judge Edison also ordered the plaintiff to attend that hearing. For whatever reason, the plaintiff did not attend the hearing. Judge Edison then issued an order, allowing the plaintiff's counsel to withdraw and ordering the plaintiff "to inform the Court in writing by" March 23, 2024 "if he intends to pursue this case." Dkt. 20 at 1. The plaintiff has not complied with this order.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. *See* FED. R. CIV. P. 41(b). This authority flows from the Court's inherent power to manage its docket. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Given the plaintiff's complete disregard for this Court's orders and an apparent lack of interest in pursuing this action, this action is dismissed without prejudice pursuant to Rule 41(b) for want of prosecution.

SIGNED on Galveston Island this 29th day of March 2024.

                                        JEFFREY VINCENT BROWN
                                        UNITED STATES DISTRICT JUDGE